IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| PAMELA LYNN SCALAMOGNA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 2:13cv545 |
| | ) | **Electronic Filing** |
| STEEL VALLEY AMBULANCE, | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

March 10, 2015

I.  INTRODUCTION

Plaintiff, Pamela Lynn Scalamogna ("Scalamogna" or "Plaintiff") filed a three (3) count Complaint alleging: (1) gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); (2) age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (the "ADEA"); and (3) violations of the Pennsylvania Human Rights Act, 43 Pa. Cons. Stat. Ann. § 925 *et seq.* (the "PHRA"), against Defendant, Steel Valley Ambulance ("Steel Valley" or "Defendant").  Scalamogna also contends that Steel Valley retaliated against her for complaining about the alleged harassment. *See* Amended Complaint ¶¶ 23 & 32.  Steel Valley has filed a motion for summary judgment, Scalamogna has responded and the motion is now before the Court.

Pursuant to the Local Rules of the United States District Court for the Western District of Pennsylvania, Steel Valley filed a Concise Statement of Material Facts ("Defendant's CSMF") in support of its motion for summary judgment. *See* LCvR 56(B)(1).  Plaintiff's responses to Defendant's CSMF, however, are inappropriate.  A party opposing a motion for summary judgment must file:

> A separately filed concise statement, which responds to each numbered paragraph in the moving party's Concise Statement of Material Facts by

> a. **admitting or denying** whether each fact contained in the moving party's Concise Statement of Material Facts is undisputed and/or material;
>
> b. **setting forth the basis for the denial** if any fact contained in the moving party's Concise Statement of Material Facts is not admitted in its entirety (as to whether it is undisputed or material) **with appropriate reference to the record** . . . ; and
>
> c. setting forth in separately numbered paragraphs any other material facts that are allegedly at issue, and/or that the opposing party asserts are necessary for the Court to determine the motion for summary judgment[.]

*See* LCvR 56(C)(1)(emphasis added). In her Counterstatement of Facts ("Plaintiff's CSOF"), Plaintiff has failed to admit or deny whether any of Steel Valley's stated facts are undisputed or material. Plaintiff, instead, repeats the stated fact, and in most instances provides subparts to the numbered paragraph, some of which lack an appropriate reference to the record, that are irrelevant to, and/or outside the scope of, the specific factual statement.[1] Material facts set forth in a moving party's concise statement of material facts will be deemed admitted for the purpose of deciding the motion for summary judgment "unless specifically denied or otherwise controverted by a separate concise statement of the opposing party." *See* LCvR 56 (E).

## II. STATEMENT OF THE CASE

Steel Valley is a family-owned ambulance service that provides emergency and medical paratransit service in and around Homestead, Pennsylvania. Defendant's CSMF ¶ 1. Scalamogna was hired by Steel Valley on September 13, 2010 as an ambulance-driving

---

[1] For example, Paragraph 2 of Steel Valley's CSMF states "Steel Valley has three management positions. . . John Jumba, Sr. is the Chief Executive Officer, John Jumba, Jr. is the Chief Operating Officer, and Lori Jumba, John Jumba, Jr.'s wife, is the office manager." Without admitting or denying the stated facts, Plaintiff provides forty-eight (48) subparts in her response, several of which have no citation to the record. *See* Plaintiff's CSOF ¶ 2.

Emergency Medical Technician ("EMT"). Defendant's CSMF ¶ 4. As an ambulance-driving EMT, Scalamogna evaluated and transported patients in need of medical care. Defendant's CSMF ¶ 9.

Scalamogna worked as part of a two-person crew, partnering with Paramedics Edward McCann ("McCann") and Rick Valesko ("Valesko") during her period of employment with Steel Valley. Defendant's CSMF ¶¶ 14 & 15. During her employment with Steel Valley, Scalamogna also had several immediate supervisors including: John Jumba, Sr. ("Jumba Sr."); John Jumba, Jr. ("Jumba Jr."); Brandon Simon, Dave Caputo and Bryan Halavanja. Defendant's CSMF ¶ 13.

Scalamogna typically worked twenty-four (24) hour shifts twice per week. Defendant's CSMF ¶ 34. In May 2012, Scalamogna was working a 24 hour shift with McCann that began on Friday, May 4th and was to end on Saturday May 5th at 8:00 a.m. Defendant's CSMF ¶¶ 35 & 36. At 7:30 a.m. on May 5, 2012, Patricia Jumba ("Patricia"), who was working as a dispatcher for Steel Valley at the time, called Scalamogna and McCann to dispatch them to the Marian Manor Nursing Home. Defendant's CSMF ¶ 39. At the time Scalamogna and McCann received the call, they were in the ambulance on the Parkway East. John Jumba Sr. Deposition, Plaintiff's Exhibit 2, ("Jumba Sr. Depo.") pp. 17-18. Scalamogna was driving and testified that they were returning from "Presby's ER" when the call came in from Patricia. Scalamogna Deposition, Plaintiff's Exhibit 1, ("Scalamogna Depo.") pp. 95-96. Though the call was an emergency, Scalamogna told both McCann and Patricia that she was not going to respond to the call. Defendant's CSMF ¶¶ 41 & 42.

Both McCann and Patricia wrote incident reports regarding the call from and dispatch to the Marian Manor Nursing Home. Defendant's CSMF ¶¶ 44 & 45. In his incident report, McCann stated that while traveling on I-376 outbound, a call came in from Patricia and Scalamogna said "I can't do this call, I have an eye appointment." Plaintiff's Exhibit 5;

3

Defendant's CSMF ¶ 47. McCall also indicated that Patricia told them to respond to call "ASAP." Plaintiff's Exhibit 5; Defendant's CSMF ¶ 46. Patricia stated in her report that she gave Scalamogna and McCann a trip out of Marian Manor at approximately 7:30 a.m., and as she was giving McCann the information, she heard Scalamogna "yelling" that she was not doing any trip because she had a doctor's appointment and had to leave. Plaintiff's Exhibit 5; Defendant's CSMF ¶ 48.

Jumba Sr. and Jumba Jr. made the decision to terminate Scalamogna based upon the incident reports and the timing of the call from Marian Manor; without knowledge of Scalamogna's contention that her eyes were affecting her ability to drive the ambulance. Defendant's CSMF ¶¶ 50 & 58. On May 8, 2012, Scalamogna was terminated based upon the following policy violations: (1) violation of Standard of Conduct 1.6 (Failure to follow instructions or procedures) for refusing to respond to a call for an ambulance response to an emergency; (2) violation of the Overtime Policy for refusing to do a trip while on duty; and (3) violation of the Employee Dress and Uniform Policy for not being in proper uniform. Defendant's CSMF ¶¶ 51 & 52. Steel Valley did not replace Scalamogna, her duties were redistributed among the other employees. Defendant's CSMF ¶ 55.

### III. LEGAL STANDARD FOR SUMMARY JUDGMENT

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment shall be granted when there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law. To support denial of summary judgment, an issue of fact in dispute must be both genuine and material, *i.e.*, one upon which a reasonable fact finder could base a verdict for the non-moving party and one which is essential to establishing the claim. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). When considering a motion for summary

judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. *Id*. The court's consideration of the facts must be in the light most favorable to the party opposing summary judgment and all reasonable inferences from the facts must be drawn in favor of that party as well. *Whiteland Woods, L.P. v. Township of West Whiteland,* 193 F.3d 177, 180 (3d Cir. 1999), *Tigg Corp. v. Dow Corning Corp.*, 822 F.2d 358, 361 (3d Cir. 1987).

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P 56(e). Further, the nonmoving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir.1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The non-moving party must respond "by pointing to sufficient cognizable evidence to create material issues of fact concerning every element as to which the non-moving party will bear the burden of proof at trial." *Simpson v. Kay Jewelers, Div. Of Sterling, Inc.*, 142 F. 3d 639, 643 n. 3 (3d Cir. 1998), *quoting Fuentes v. Perskie*, 32 F.3d 759, 762 n.1 (3d Cir. 1994).

IV. **DISCUSSION**

    A.    <u>Age Discrimination Under the ADEA and the PHRA</u>

Scalamogna contends that her employment with Steel Valley was wrongfully terminated based upon her gender and her age[2]. Under the ADEA, an employer is prohibited from discharging any individual or otherwise discriminating against an individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's age. 29 U.S.C. § 623(a)(1). A plaintiff can sustain a claim of discrimination under the ADEA by presenting either direct or circumstantial evidence of discrimination. *See Duffy v. Magic Paper Group, Inc.*, 265 F.3d 163, 167 (3d Cir. 2001). Because Scalamogna has not provided direct evidence of discrimination, our inquiry is governed by the three-part framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-803, (1973) (the "McDonnell Douglas analysis"). *See Smith v. City of Allentown*, 589 F.3d 684, 691 (3d Cir. 2009) (reaffirming the use of the McDonnell Douglas analysis in ADEA cases involving indirect evidence).

Under the McDonnell Douglas analysis, once the employee establishes a *prima facie* case of discrimination, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for the employer's adverse employment decision. *McDonnell Douglas Corp. v. Green*, 411 U.S. at 802. If the employer makes that showing, the burden of production shifts once again to the employee to establish that the employer's proffered justification for the adverse action is pretextual. *Tex. Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 254-255 (1981). Throughout this burden-shifting exercise, the burden of persuasion remains on the

---

[2] There is no need to differentiate between Scalamogna's Federal discrimination claims and PHRA claims because, for our purposes, the same analysis is used for each. *See, e.g., Simpson v. Kay Jewelers*, 142 F.3d at 643-644 & n.4; *Jones v. School District of Philadelphia*, 198 F.3d 303, 410-411 (3d Cir. 1999); *Fairfield Township Volunteer Fire Co. No. 1 v. Commonwealth*, 609 A.2d 804, 805 (Pa. 1992).

6

employee. *Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089, 1095 n.4 (3d Cir. 1995) (citing *Tex. Dep't of Comm. Affairs v. Burdine*, 450 U.S. at 253).

Scalamogna, therefore, bears the initial burden of establishing a *prima facie* case of discrimination. *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 539 (3d Cir. 2006); *Atkinson v. LaFayette College*, 460 F.3d 447, 454 (3d Cir. 2006). To establish a *prima facie* case, Scalamogna must demonstrate that: (1) she is a member of the protected class, *i.e.* at least 40 years of age; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) that she was ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus. *Smith v. City of Allentown*, 589 F.3d at 689 (citing *Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 370 (3d Cir. 2004). To establish a *prima facie* case at summary judgment, "the evidence must be sufficient to convince a reasonable factfinder to find all of the elements of [the] *prima facie* case." *Duffy v. Paper Magic Grp.*, 265 F.3d 163, 167 (3d Cir. 2001).

Steel Valley asserts that Scalamogna has failed to establish a *prima facie* case in this instance because she admits that she was not replaced by another employee who was sufficiently younger. In her response,[3] makes no attempt to convince the Court that she has established a *prima facie* case of age discrimination. Her only argument was that she was subjected to disparaging remarks regarding her being "too old" to do her job by a co-worker. Such argument does woefully little to establish a *prima facie* case.

---

[3] It must be noted that Plaintiff's brief in response consists of a five (5) page regurgitation of some the facts from her counterstatement that she contends demonstrate that Steel Valley's given reasons for her termination were not legitimate and, in fact, were discriminatory. Moreover, Scalamogna makes no legal argument in support of her position, and fails to cite to any authority upon which she based her conclusions.

Further, even though Scalamogna's duties may have been redistributed to younger employees, such redistribution of duties among current employees does not, without more, constitute a "replacement" of a former employee. *Michniewicz v. Metasource, LLC*, 756 F.Supp.2d 657, 666 (E.D.Pa. 2010) ("A terminated employee is not replaced, however, when another employee is assigned to perform the terminated employee's duties in addition to other duties, or when work is redistributed among other remaining employees already performing related work."); *Millard v. CoreStates Fin. Corp. et al.*, 2001 U.S. Dist. LEXIS 15873 at *6 (E.D.Pa. 2001) ("a person is not 'replaced' for purpose of a prima facie age discrimination action where duties are undertaken by a younger person or persons already employed by the Defendant") (quoting *Solt v. Alpo Petfoods, Inc.*, 837 F. Supp. 681, 685 (E.D.Pa. 1993). *See also Martonik v. Donahoe*, 2013 U.S. Dist. LEXIS 155665 at *22 (W.D. Pa. Sept. 19, 2013). Scalamogna, therefore, has failed to establish a *prima facie* case of age discrimination, and summary judgment on her claim under the ADEA shall be entered.

Even assuming that Scalamogna was able to establish a *prima facie* case, the result is the same. The burden would shift to Steel Valley to offer a legitimate non-discriminatory reason for terminating Brinkley. *Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101, 1108 (3d Cir. 1997); *Simpson v. Kay Jewelers*, 142 F.3d at 644 n.5. This burden is "relatively light" and is satisfied if the employer provides evidence, which, if true, would permit a conclusion that it took the adverse employment action for a non-discriminatory reason. *Tomasso v. Boeing Co.*, 445 F.3d 702, 706 (3d Cir. 2006) (quoting *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994)); *see also Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 302 (3d Cir. 2012) (describing this step as a "minimal burden").

The Court finds that Steel Valley has met its burden. Steel Valley has produced evidence that Scalamogna was terminated for violations of the company's policies. Scalamogna was

terminated based upon the following policy violations: (1) violation of Standard of Conduct 1.6 (Failure to follow instructions or procedures) for refusing to respond to a call for an ambulance response to an emergency; (2) violation of the Overtime Policy for refusing to do a trip while on duty; and (3) violation of the Employee Dress and Uniform Policy for not being in proper uniform. Defendant's CSMF ¶¶ 51 & 52. Further, there is evidence in the record that Scalamogna was disciplined three (3) times for violation of Steel Valley's Trip Sheet policy, and that she was late for work twenty-five (25) times during her evaluation year. Defendant's CSMF ¶¶ 16 & 28.

Scalamogna must show that Steel Valley's articulated reasons for her termination are merely a pretext for age discrimination. An employee may demonstrate that her employer's legitimate nondiscriminatory reason is pretextual by submitting evidence that allows a factfinder to either 1) disbelieve or discredit the employer's justification; or 2) believe discrimination was more likely than not a "but for" cause of the adverse employment action. *Abels v. Dish Network Serv., LLC*, 507 F. App'x 179, 183 (3d Cir. 2012) (citing *Fuentes v. Perskie*, 32 F.3d at 764). *See also Gross v. FBL Fin. Servs.*, 557 U.S. 167, 177-178 (2009). Evidence undermining an employer's proffered legitimate reasons must be sufficient to "support an inference that the employer did not act for its stated reasons." *Sempier v. Johnson & Higgins*, 45 F.3d 724, 731 (3d Cir. 1995).

In order to discredit Steel Valley's proffered justification under the first prong of *Fuentes*, Plaintiff must present evidence demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies (sic), or contradictions" in the proffered reasons "that a reasonable factfinder could rationally find them unworthy of credence," and ultimately infer that Garden Ridge did not act for the asserted nondiscriminatory reasons. *Fuentes v. Perskie*, 32 F.3d at 765. If Scalamogna's evidence rebutting Steel Valley's proffered reason permits a factfinder to

conclude that such reason (or reasons) was either a "post hoc fabrication" or otherwise did not actually prompt the employment action, then summary judgment is inappropriate. *Fuentes v. Perskie*, 32 F.3d at 764.

Alternatively, Scalamogna must show that age-based discrimination was a "but-for" cause of Steel Valley's decision to terminate her. To meet this burden, Scalamogna "cannot simply show that [Steel Valley's] decision was wrong or mistaken." *Fuentes v. Perskie*, 32 F.3d at 765. The question is whether Steel Valley was motivated by a discriminatory animus, not whether it was wise, shrewd, prudent, or competent. *See Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 531, 533 (3d Cir. 1992); *Villanueva v. Wellesley College*, 930 F.2d 124, 131 (1st Cir.), *cert. denied*, 502 U.S. 861 (1991). *See also Brewer v. Quaker State Oil Ref. Corp.*, 72 F.3d 326, 332 (3d Cir. 1995) ("[A]n employer may have any reason or no reason for discharging an employee so long as it is not a discriminatory reason.").

Scalamogna can direct this Court to no evidence that Steel Valley's articulated reasons for her termination are merely a pretext for age discrimination. She admits that the she refused to respond to the call to Marian Manor. Moreover, her only mention of age as an issue was some offhand remarks made by McCann, a co-worker. In considering whether stray remarks, such as the comment(s) made by McCann, are probative of discrimination, the Court of Appeals for the Third Circuit has considered the following factors: "(1) the relationship of the speaker to the employee and within the corporate hierarchy; (2) the temporal proximity of the statement to the adverse employment decision; and (3) the purpose and content of the statement." *Parker v. Verizon Pa., Inc.*, 309 Fed. Appx. 551, 558-559 (3d Cir. Pa. 2009)(quoting *Ryder v. Westinghouse Elec. Corp.*, 128 F.3d 128, 133 (3d Cir. 1997)); *see also Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101, 1112 (3d Cir. 1997). "Stray remarks by non-decisionmakers or by decisionmakers unrelated to the decision process are rarely given great weight, particularly if

they were made temporally remote from the date of decision." *Fuentes v. Perskie*, 32 F.3d at 767 (quoting *Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d at 545).

There is no evidence as to when McCann made such statements, and the remarks were not made in the context of an employment or personnel decision. *Cf. Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151-152 (2000); *Brewer v. Quaker State Motor Oil, Co.*, 72 F.3d 326, 333 (3d Cir. 1995). The Court finds that the above referenced statements are benign and unrelated to the termination of Scalamogna's employment, and therefore, carry virtually no weight in proving a discriminatory age-based animus. *See e.g. Keller v. Orix Credit Alliance, Inc.*, 130 F.3d at 1112 (statement by decision maker "[]f you are getting too old for this job, maybe you should go hire one or two young bankers" did not raise an inference of discrimination); *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d at 359(general discriminatory comment by someone involved in the decision making process which was unrelated to the adverse action was insufficient to show pretext).

Scalamogna fails to make a showing of pretext as she is unable point to evidence in the record which would allow a rationale factfinder to "believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause" of Steel Valley's action, *Burton v. Teleflex, Inc.*, 707 F.3d 417, 427 (3d Cir. 2013), or "believe discrimination was more likely than not a 'but for' cause of the adverse employment action." *Abels v. DISH Network Serv., LLC*, 507 F. App'x at 183; *see also Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 644-45 (3d Cir. 1998) (the plaintiff must "point to evidence with sufficient probative force that a factfinder could conclude by a preponderance of the evidence that age was a motivating or determinative factor in the employment decision."). Accordingly, the Court finds that Scalamogna's age discrimination claims under the ADEA and PHRA fail as a matter of law.

11

B.     Gender Discrimination Under Title VII and the PHRA

The burden shifting analysis of *McDonnell Douglas* is also used to analyze Scalamogna's claims under Title VII. *See Goosby v. Johnson & Johnson Med., Inc.*, 228 F.3d 313, 318 (3d Cir. 2000). To establish a *prima facie* case of gender discrimination nder Title VII and the PHRA, Scalamogna must demonstrate that: (1) she is a member of a protected minority, (2) she is qualified for the position in question, (3) she has suffered an adverse employment action despite being qualified, and (4) the circumstances raise an inference of unlawful discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. at 802; *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). Though there is a paucity of evidence that would raise an inference of unlawful discrimination, the Court will assume in this instance that Scalamogna can show a *prima facie* case of gender discrimination. The burden shifts to Steel Valley to offer a legitimate non-discriminatory reason for her termination. As set forth above, the Court finds that Steel Valley met its burden. Scalamogna, now, must show that Steel Valley's articulated reasons for her termination were merely a pretext for gender discrimination.

Scalamogna again points to remarks made by Valesko and McCann. The Court has determined that McCann's statements are inadequate to show that Steel Valley's purported reasons for her termination were pretextual. The Court finds that Valesko's statements were not only benign and unrelated to Scalamogna's termination, but the remarks were also temporally remote. Moreover, Scalamogna's reliance on her complaint regarding the community sleeping area and the Department of Labor's investigation and award, are neither relevant nor adequate to allow a factfinder to disbelieve or discredit the Steel Valley's justification to terminate Scalamogna.

Based upon the foregoing, Scalamogna fails to show that her termination was pretextual. Summary judgment on Title VII and PHRA claims shall be granted.

C.  Retaliation

Aside from one sentence in her brief[4], Scalamogna made no attempt to respond to Defendant's argument that she failed to establish a *prima facie* case of retaliation. Because Scalamogna has not expressly abandoned her retaliation claim, the Court will address the *prima facie* issue. To establish a prima facie case of retaliation under the ADEA and/or Title VII, Plaintiff "must show: (1) that she engaged in a protected employee activity; (2) that she was subject to adverse action by the employer either subsequent to or contemporaneous with the protected activity; and (3) that there is a causal connection between the protected activity and the adverse action." *Fasold v. Justice*, 409 F.3d 178, 188 (3d Cir. 2005). Although the causation analysis is highly fact-based, and depends on the particular context in which the events occurred, a plaintiff can generally establish a causal connection by showing that the temporal proximity between the protected activity and the adverse action is "unusually suggestive," or through a combination of timing and other evidence of ongoing antagonism or retaliatory animus. *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 280 (3d Cir. 2000). Importantly, "[t]hese are not the exclusive ways to show causation, as the proffered evidence, looked at as a whole, may suffice to raise the inference." *Id.* (quoting *Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 177 (3d Cir. 1997)).

Scalamogna has failed to produce any evidence suggesting a causal connection between her alleged complaints of harassment and her termination. She has failed to establish a temporal proximity between her alleged complaints and her termination. Absent temporal proximity, the Third Circuit permits the use of "circumstantial evidence of a 'pattern of antagonism' following

---

[4]  Scalamogna stated in her brief: "These facts show that [Scalamogna] has established a proper claim of sexual harassment and retaliation." Scalamogna Brief, p. 3.

the protected conduct" to raise an inference of causation. *Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d at 177 (quoting *Robinson v. Southeastern Pa. Transp. Auth.*, 982 F.2d 892, 895 (3d Cir. 1993)). A causal connection may be established, for example, when a plaintiff experiences a "constant barrage of written and verbal warnings ... and disciplinary action, all of which occur[ ] soon after plaintiff's [protected activity] and continue [ ] until his discharge." *Robinson v. SEPTA*, 982 F.2d 892, 895 (3d Cir. 1993). There is no such evidence in the record that tends to show a pattern of antagonism. Summary judgment, therefore, shall be entered with regard to Scalamogna's retaliation claims as well.

**V.  CONCLUSION**

The Court finds that there are no material facts in dispute, Scalamogna is unable to show that that Steel Valley violated her rights under the ADEA, Title VII or the PHRA. Accordingly, Steel Valley's motion for summary judgment shall be granted. An appropriate order will follow.

s/ David Stewart Cercone  
David Stewart Cercone  
United States District Judge

cc:   Daniel W. Ernsberger, Esquire
      Richard J. Antonelli, Esquire
      Ashley Passero, Esquire

   (*Via CM/ECF Electronic Mail*)